ELECTRICAL EQUIPMENT CO. v. FEUERLICHT et al.

(Supreme Court, Appellate Term. November 10, 1904.)

1. PLEADING—NEGATIVE PREGNANT.
     In an action on a contract, a denial that plaintiff has performed all the conditions precedent is not a negative pregnant.

2. PRACTICE—AMENDMENT OF JUDGMENT.
     Under Municipal Court Act, § 254 (Laws 1902, p. 1563, c. 580), authorizing motions to amend judgments, failure of a judgment to declare that the complaint was dismissed without prejudice must be remedied by amendment in the trial court.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the Electrical Equipment Company against Max A. Feuerlicht and others. From judgment for defendant Feuerlicht, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Milton M. Goldsmith, for appellant.
Joseph Fischer, for respondent.

BISCHOFF, J. The denial that the plaintiff had performed all the conditions precedent involved no statement of a negative pregnant, since the failure to perform any one condition precedent would be fatal, and the plaintiff must needs prove his case within the full extent of the denial. Therefore the court properly denied the motion for judgment on the pleadings, and the resulting judgment for the defendant proceeded from the plaintiff's failure to prove performance of the contract in the matter of an inspection of the electric installation and the presentation of a certificate. The defendant's evidence did not supply the omission, tested by the terms of the contract, and no error is apparent from the denial

of the appellant's motion to strike out testimony which was wholly responsive to a question asked; the ruling not being obviously prejudicial. No point is made that the judgment fails to declare that the complaint was dismissed without prejudice to a new action (Municipal Court Act, § 248; Laws 1902, p. 1561, c. 580); and, in any event, the matter was one for amendment upon application to the Justice, if the plaintiff deemed itself aggrieved (Id. § 254; Laws 1902, p. 1563, c. 580).

Judgment affirmed, with costs. All concur.