(50 Misc. Rep. 167)

ELECTRICAL EQUIPMENT & INSPECTING CO. v. SCHEELENBERG.

(Supreme Court, Appellate Term.  March 26, 1906.)

CONTRACTS—PERFORMANCE OF CONDITIONS—SUFFICIENCY.

 Under an agreement providing that plaintiff should inspect the electric installation in defendant's place of business, defendant to pay plaintiff's inspector $50 on presenting certificate of inspection; that without additional charges plaintiffs were to check defendant's bills for one year and bills for the past year, and an accompanying letter to defendant from plaintiff, stating that the latter "would guaranty to furnish defendant with advice which would save defendant 10 per cent. of the lighting their premises"; if not, the amount of subscription is to be refunded—plaintiff need only prove the inspection and presentation of the certificate to entitle him to demand payment of the contract price.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Electrical Equipment & Inspecting Company against Nathan Scheelenberg.  Judgment for defendant, and plaintiff appeals.  Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Goldsmith & Rosenthal, for appellant.
Cahn & Lazansky, for respondent.

NEWBURGER, J.  The agreement sought to be enforced here "provided that the plaintiff should make an inspection of the electric installation in defendant's place of business, and defendant agrees to pay plaintiff's inspector $50 on presenting certificate of inspection." The agreement further provided that without any additional charges plaintiffs were to check defendant's bills for one year and bills for past year.  Accompanying this agreement was a letter from the plaintiff to the defendant, in which it was stated that the plaintiff "would guaranty to furnish defendant with advice which would save defendant 10 per cent. of the lighting their premises"; if not, the amount of subscription is to be refunded.  On the trial it was shown by plaintiff that the inspection was made and the certificate required by the contract furnished.  The certificate was produced by defendant, and marked as an exhibit.  No proof was offered by defendant.  The trial justice rendered judgment for the defendant.

It has been held in this court in construing similar contracts that the plaintiff is only required to prove the inspection of the electrical installation and the presentation of the certificate to entitle him to demand payment of the contract price.  See Electrical Equipment Co. v. Feuerlicht (Sup.) 90 N. Y. Supp. 467; Electrical Equipment Co. v. Archibald (Sup.) 92 N. Y. Supp. 1121.

Judgment must therefore be reversed, and new trial granted, with costs to appellant to abide event.

O'GORMAN, J., concurs.

98 N.Y.S.—15

SCOTT, P. J. I agree that this judgment must be reversed, but not precisely upon the ground stated by Mr. Justice NEWBURGER. The cases cited by the appellant do not completely cover the present case. In this plaintiff against Feuerlicht (90 N. Y. Supp. 467) a judgment in favor of the defendant was affirmed. In the action against Archibald (92 N. Y. Supp. 1121) no written guaranty of a reduction in the defendant's light bills was shown, and the trial justice determined that no oral guaranty had been given. In the present case the plaintiff in writing, and as a part of the contract, guarantied to furnish defendant with advice which will save him about 10 per cent. of the cost of lighting his premises; if not, the amount of the subscription is to be refunded. As the contract was drawn, the defendant agreed to pay $50 for an inspection and certificate, and the plaintiff agreed to refund the $50 if it did not furnish advice resulting in the specified saving. The answer as drawn did not present the defendant's claim properly, since the promise to give beneficial advice was not a false representation avoiding the entire contract, but a guaranty which if not fulfilled would furnish grounds for a counterclaim equal in amount to plaintiff's claim. As there must be a new trial, the defendant will have an opportunity, with the consent of the court below, to so amend his pleading as to properly present the question. No time is stated in the guaranty as to when the advice shall be given which will result in a 10 per cent. saving. The law will supply the deficiency by reading into the contract an agreement to do so in a reasonable time, and the court will determine, when the question is properly presented, what is a reasonable time. It appeared in evidence that no method had been suggested up to the time of the trial by which the lighting bills could be reduced, unless, indeed, the suggestion to use less light can be considered such advice. This, of course, would be a very obvious method, and, if followed to its ultimate limit, would result in saving 100 per cent. of the lighting costs. It required, however, no expert advice to know that lighting bills could be reduced by using less light, and the giving of that advice could hardly be said to have been what was contemplated when the contract of guaranty was entered into. Not only was defendant's pleading improperly drawn to present his real defense, but, upon his objection, the court refused to permit an expert employed by plaintiff to state whether there were any means known to him whereby defendant might obtain the promised reduction.

I therefore concur in the reversal and the ordering of a new trial, with costs to the appellant to abide the event.