## HUDSON COS. v. BRIEMER.

(Supreme Court, Appellate Term. January 7, 1909.)

1. PLEADING (§ 126*)—ANSWER—FRIVOLOUS ALLEGATIONS.

Where the complaint alleged that plaintiff had performed all the conditions of the contract on its part, a denial in the answer that plaintiff performed all the conditions of the contract on its part to be performed was not frivolous, as a statement of a negative pregnant, where the failure to perform any one of the conditions precedent would be fatal to plaintiff's cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 261–263; Dec. Dig. § 126.*]

2. PLEADING (§ 371*)—ANSWER—RAISING ISSUE—MATERIALITY OF ISSUE.

Under the express provision of Code Civ. Proc. § 533, the denial in an answer that plaintiff had performed all the conditions of the contract on its part to be performed, as alleged in the complaint, raises a material issue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1211; Dec. Dig. § 371.*]

Appeal from City Court of New York, Trial Term.

Action by the Hudson Companies against John Briemer. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

G. A. C. Barnett, for appellant.

Simpson, Thatcher & Bartlett, for respondent.

FORD, J. This is an appeal from an order granting judgment to the plaintiff on the answer as frivolous, and from the judgment entered thereon. One paragraph of the complaint alleges "that plaintiff has duly performed all the conditions of said lease on its part." This is a sufficient allegation of performance in respect of conditions precedent. Code Civ. Proc. § 533. In the answer the "defendant denies that said plaintiff performed all of the conditions of the lease of said

premises on its part to be performed." ·This is a denial which, I think, saves the answer from frivolousness. As was said by Bischoff, J., in Electrical Equipment Company v. Feuerlicht et al. (Sup.) 90 N. Y. Supp. 467:

"The denial that the plaintiff had performed all the conditions precedent involved no statement of a negative pregnant, since the failure to perform any one condition precedent would be fatal, and the plaintiff must needs prove his case within the full extent of the denial."

·But no further authority than the express language of section 533 of the Code is needed to show that the answer raises a material issue.

The judgment and order directing judgment are reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.